CRICHTON, J.
additionally concurs and assigns reasons.
hi concur in the majority decision. I write separately to note that the record abundantly evidences Dr. Pochampally’s repeated efforts to frustrate Dr. Jaligam’s custodial access to his children as well as her ongoing failure to comply with court orders. For this willful and intentional noncompliance, Dr. Pochampally has been held in contempt several times.
Dr. Pochampally’s. belief that the court’s orders are incorrect does not permit her ignore them. As Justice Knoll astutely observed more than a decade ago in Dauphine v. Carencro High Sch., 02-2005 (La.4/21/03), 843 So.2d 1096, 1106-07:
It is a well-accépted principle in proceedings for criminal contempt that orders of the trial-judge in the conduct of trials must be obeyed, irrespective of the ultimate validity of the order, unless the trial judge stays the order or ruling to permit a review. City of Lake Charles v. Bell, 347 So.2d 494, 496-97 (La.1977); Matter of Hipp, 5 F.3d 109 (5 Cir.1993). The correctness of a court order or ruling is not contested by deciding to willfully disobey it, without suffering the consequence of that disobedience. Respect for judicial process is a small price for the civilizing hand of law. Absent a showing of transparent invalidity or patent frivolity surrounding the order, it must be obeyed until stayed or reversed by orderly review. City of Lake Charles, 347 So.2d at 496; see also United States v. Dickinson, 465 F.2d 496 (5th Cir.1972).
In my view, 'there is absolutely no showing that an intervention of this Court is warranted, and I therefore concur with my colleagues in denying Dr. Pochampally’s motion for stay.